ORDER
FORDHAM, JUDGE:
*325 An application of the claimant, Joseph B. Cobum, for an award under the West Virginia Crime Victims Compensation Act, was filed January 19, 2006. The report of the Claim Investigator, filed May 25, 2006, recommended that an award be granted, to which the claimant filed a response in disagreement. An Order was issued on September 11,2006, reversing the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed October 10,2006. This matter came on for hearing May 18, 2007, the claimant appearing in person, and Assistant Attorney General Ronald R. Brown for the State of West Virginia.
On December 5, 2004, the 20-year-old claimant was the victim of criminally injurious conduct in Fairmont, Marion County. The claimant was walking to a parking lot where a friend of his was involved in an altercation when he was approached by Brian Jenkins and struck in the face. Mr. Cobum suffered multiple facial fractures, nasal fractures, and lost two teeth as a result of this incident.
This Court ’ s initial denial of an award was based on the Court’s finding that the claimant was not an innocent victim of crime. W. Va. Code § 14-2A-3(1) states: “ ‘Contributory misconduct’ means any conduct of the claimant ... that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct, has causal relationship to the criminally injurious conduct that is the basis of the claim and shall also include the voluntary intoxication of the claimant, either by the consumption of alcohol or the use of any controlled substance when the intoxication has a causal connection or relationship to the injury sustained.”
Joseph Cobum testified that on the evening of the incident, he had gone to a bar known as Impulse Night Club with his friend, Travis Smith, between 9:00 p.m. and 9:30 p.m. Mr. Cobum stated that throughout the evening he had a couple of drinks despite being underage and that he was somewhat intoxicated. At approximately 2:00 a.m., Mr. Cobum heard about a fight in a parking lot involving one of his friends. The claimant and Mr. Smith began walking toward the parking lot to see what was going on. The offender, Brian Jenkins, and approximately eight other men stopped the claimant and asked where they were going. Mr. Cobum replied that they were going to see what was happening with his friend, to which Mr. Jenkins replied, “You’re not going anywhere.” The claimant stated that he turned to his friend and laughed about Mr. Jenkins’ comment. Mr. Cobum testified that when he turned around again, Mr. Jenkins hit him in the face with a blunt object. The claimant further testified that after the incident, Mr. Jenkins made him hide behind a nearby house because he did not want trouble with the police.
The Claim Investigator’s original finding was that the claimant was an innocent victim of crime as contemplated by the Crime Victims Compensation Act. The original Order reversed the Claim Investigator’s finding, disallowing the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that he was not guilty of contributory misconduct. The Court is of the opinion that the claimant did not meet this burden. There was evidence that Mr. Cobum had been drinking while at the bar and that he was underage at the time. The Court is of the opinion that the claimant’s intoxicated condition was causally related to his subsequent injuries, and thus constituted contributory misconduct. Since there was no evidence presented that the claimant was not guilty of contributory misconduct, the Court must deny this claim.
While the Court does not wish to minimize the injuries, indeed serious injuries, suffered by Mr. Cobum in this matter, the Court is convinced by the evidence to stand by its previous ruling; therefore, this claim must be, and is hereby, denied.